FRED COLEMAN v. THE STATE.

No. 14857.   Delivered February 10, 1932.

The opinion states the case.

*Art Schlofman,* of Dalhart, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for unlawfully carrying a pistol; punishment, a fine of $100.

There is complaint by bill of exception of the fact that the state was allowed to prove by a witness that another person had told him that apppellant had a six-shooter. This was clearly hearsay. It may have brought about this conviction. We can not say it was upon an immaterial matter, because upon the record must doubt existed as to whether the thing carried by appellant was a pistol or otherwise.

The state introduced one witness; appellant, none. The state witness was an officer of long experience. He said he had never handled a gun such as the one taken from appellant, in his life. Describing it, he said it had a 12 inch barrel and a pistol grip handle, the whole measuring 17 inches in length. He exhibited the shell which he took from he weapon and said that it was a shot gun shell, that it was a 410. On cross-examination he was asked but one question, and replying, stated that he had sworn in another matter that this was a "Handy shot gun", and that this was what the weapon was called.

Since the case must be reversed for the admission of the hearsay testimony, we go no further than to express serious doubt as to whether this weapon can be held to be a pistol under the testimony before the court. It shoots a shot gun shell; it is called a "Handy shot gun", and in the absence of some testimony that it is a pistol, we would feel inclined to hold the judgment without support in the testimony. Perhaps upon another trial this point may be clarified.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*